IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA A. VALDEZ, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIV. NO.: 13-1606(SCC) |

**OPINION AND ORDER**

    This Federal Tort Claims Act case concerns a fall in El Yunque National Forest. According to the Complaint, Plaintiffs Maria A. and José E. Valdez were hiking in El Yunque on a trail leading from Road 191 to La Coca Falls. Docket No. 1, ¶ 9. One mile into their walk, Maria slipped and fell. *Id.* As she did, she injured her right hand and wrist, which broke the fall. *Id.* ¶¶ 10–11. Plaintiffs claim that these injuries were caused by the lack of handrails along the trail, as well as the lack of warnings regarding the "slippery conditions on the trail, particularly

mildew." *Id.* ¶ 13. Maria's injuries caused her substantial pain and required surgery. *Id.* ¶ 15.

The Government has filed a motion to dismiss Plaintiffs' claims, and it relies principally on the FTCA's discretionary function exception. That exception provides that the FTCA's waiver of sovereign immunity does not extend to actions "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Where this exception applies, the federal district court lacks subject matter jurisdiction over the lawsuit. *See Wood v. United States*, 290 F.3d 29, 35 (1st Cir. 2007). A "well-established framework governs" application of the discretionary function exception. *Carroll v. United States*, 661 F.3d 87, 99 (1st Cir. 2011). A court is charged with first "identify[ing] the conduct that is alleged to have caused the harm." *Fothergill v. United States*, 566 F.3d 248, 252 (1st Cir. 2009). Second, the court "determines whether that conduct can fairly be described as discretionary." *Id.* And third, the court asks "whether the exercise or non-exercise of the granted discretion is actually or

potentially influenced by policy considerations." *Id.*[1]

While application of the discretionary function exception can present substantial difficulties in some cases,[2] here, it is relatively straightforward. The conduct of which Plantiffs

---

1. As a general matter, a plaintiff bears the burden of proving a waiver to sovereign immunity. *See Mahon v. United States*, 742 F.3d 11, 14 (1st Cir. 2014). The First Circuit has also held that once a governmental actor's conduct is deemed discretionary, the plaintiff bears the burden of proving that the conduct "was not policy-driven and, hence, falls outside the [discretionary function] exception." *Carroll v. United States*, 661 F.3d 87, 100 n.15 (1st Cir. 2011). The First Circuit has not addressed, however, which party bears the burden of showing whether the conduct was discretionary or not. *See id.* (noting circuit split regarding burden). The district court in *Mahon* understood that burden to be the Government's, *see Mahon v. United States*, 795 F. Supp. 2d 149, 153 (D. Mass. 2011), which holding seems to comport with the weight of the precedent, *see, e.g.*, *In re Katrina Canal Breaches Consol. Litig.*, 627 F. Supp. 2d 656, 666 (E.D. La. 2009) (collecting cases and concluding that, apart from the Fourth Circuit, most courts to consider the question have held that the burden to show discretion belongs to the Government); *see also* 14 WRIGHT & MILLER, FED. PRAC. & PROC. § 3658 (3d ed.) ("[S]everal federal courts have held that the burden of proving the applicability of an exception to a waiver of sovereign immunity falls on the United States.").

2. *See, e.g.*, *García-Feliciano v. United States*, Civ. No. 12-1959(SCC), 2014 WL 1653143, at *1 (D.P.R. April 23, 2014) (collecting cases and explaining that "while the discretionary function framework may be 'well-established,' the practical application of that framework is far from clear cut").

| VALDEZ v. UNITED STATES | Page 4 |
|---|---|

complain is the United States Forest Service's decisions (1) not to warn of slippery rock on the La Coca trail, (2) not to eliminate the cause of that slipperiness, and/or (3) not install handrails on the trail. The next question is whether this conduct was discretionary.[3] Plaintiffs point to no statute,

---

3. In its motion, the Government makes no effort to show that the relevant conduct in this case was discretionary. Instead, it cited only to parts 1 and 11 of Title 36 of the Code of Federal Regulations. These parts are made up some fifteen disparate sections, but the Government makes no effort to let the Court know to what, specifically, it is referring. Worse, as Plaintiffs point out, the parts apply only to the *National Park Service*, which is not involved in this case. And even if the Government did not bear the burden of proving discretion, *see supra* note 2, it certainly bore the burden of producing to Plaintiffs all relevant policy documents. But at the time it filed its motion to dismiss, the Government had not produced—and it had much less *cited*—any of the manuals or policies that govern the maintenance and construction of trails in national forests. After the Court specifically ordered the Government to produce those documents, *see* Docket No. 34, the Government still did not point to anything specific in the more than 150 pages that it produced, *see* Docket No. 37. I am inclined to deny the Government's motion to dismiss for these reasons alone, and I would in fact do so if the inevitable result were not to force Plaintiffs to expend additional resources in pursuit of a doomed claim. Instead, I have done the Government's job for it, reviewing the handbooks and manuals that it produced. And these documents suggest that the Forest Service had no specific mandate regarding the posting of signs, maintenance of trails, or installation of safety devices. To the contrary, these matters seem to be committed to agency discretion, subject to a balancing of various interests, including safety and wilderness protection. *See* Docket Nos.

regulation, rule, or policy mandating a specific course of action that the Forest Service had to follow regarding the conduct of which Plaintiffs complain.[4] I must therefore conclude that the Forest Service's conduct was discretionary in all relevant respects. *Cf. Shansky v. United States*, 164 F.3d 688, 691–92 (1st Cir. 1999) (holding that where the plaintiff failed to point to a mandatory duty on the part of the National Park Service to install handrails and warning signs, "the challenged conduct [was] discretionary").

The final question is whether the Forest Service's actions were "susceptible to policy analysis." *United States v. Gaubert*, 499 U.S. 315, 325 (1991). This case is controlled by the substantial body of caselaw holding that judgments by the stewards of federal land about how to provide for visitors' safety generally

---

37-1, at 25; 37-2, at 7; 37-3, at 5, 11; 37-4, at 16, 21–22; *see also, e.g.*, *Rosebush v. United States*, 119 F.3d 438, 441–42 (6th Cir. 1997) (discussing the Forest Service's discretion, pursuant to its manuals, to deal with safety concerns).

4. Plaintiffs' supplemental opposition to the motion to dismiss, filed after the Government produced the relevant manuals and guides, fails almost entirely to deal with the substance of those documents; instead, it simply argues that "the government hasn't provided any additional evidence to support their claim that discretionary function applies to the case at hand." Docket No. 40, at 2.

concern policy judgments. For example, in *Chantal v. United States*, the Eighth Circuit considered a claim regarding the lack of warnings and safety devices in a national park. *See* 104 F.3d 207, 212 (8th Cir. 1997). The *Chantal* court rejected the plaintiffs' argument that it—rather than the National Park Service—was the proper entity to balance competing concerns regarding aesthetics and safety. *Id.* Two years later, in *Shansky*, the First Circuit followed *Chantal*, holding that "[a]esthetic considerations, including decisions to preserve the historical accuracy of national landmarks, constitute legitimate policy concerns." *Shansky*, 164 F.3d at 693 (citing *Chantal*, 104 F.3d at 212–13). Accordingly, the First Circuit rejected a claim regarding the lack of handrails and warning signs. *Id.* ("Here, the government's ultimate policy justification is that forgoing handrails and warning signs at the Northern Exit was the product of a broader judgment called that favored aesthetics over safety."). The same sort of judgment is performed by the Forest Service when it balances visitor safety with the environmental and aesthetic damage that the installation of signs or the mitigation of hazards may do to the wilderness under its management. *Cf. Elder v. United States*, 312 F.3d 1172, 1181 (10th Cir. 2002) ("[I]n a national park whose purpose it is to preserve nature and

| VALDEZ v. UNITED STATES | Page 7 |
|---|---|

display its beauty to the public, any safety measure must be weighed against damage to natural resources and aesthetic values."); *see also Hatcher v. United States*, 512 F. App'x 527, 530 (6th Cir. 2013) ("Decisions on whether and how to make federal lands safe for visitors require making policy judgments protected by the discretionary function exception."); *Shansky*, 164 F.3d at 693 (holding that "the Park Service may balance aesthetic concerns with those of visitor safety in reaching planning decisions, and . . . safety concerns will not automatically eclipse all other policy considerations"); *Rosebush v. United States*, 119 F.3d 438, 443 (6th Cir. 1997) ("[T]he decision whether to warn of potential danger is a protected discretionary function."). The Forest Service's actions are therefore susceptible to policy analysis, and its actions are shielded by the discretionary function exception.

Plaintiffs try to evade this conclusion by arguing that because courts considering FTCA claims apply the substantive tort law of the forum state, well-plead allegations of negligence is sufficient to survive a motion to dismiss. As Plaintiffs put it, "if under the local statute negligence is established, then there's no discretion on the part of the federal agency[;] [o]n the contrary, if negligence is established, then the agency had no

choice but to follow the 'directive' established by the local statute." Docket No. 33, at 6. Plaintiffs' argument, then, is that an agency *cannot* have discretion to act negligently. *See id.* at 7 ("Since the pleadings in this case clearly state that the government breached their duty under local law, then the agency had no choice bu tot follow the 'directive' and the discretionary exception doesn't apply to this case."). Unfortunately, Plaintiffs' argument fundamentally misunderstands the nature of the discretionary function exception, the applicability of which presents a question wholly apart from the forum's tort law. *Cf. Rosebush*, 119 F.3d at 442 ("It is the governing administrative policy, not the Forest Service's knowledge of danger, that determines whether certain conduct is mandatory for purposes of the discretionary function exception."). As the Tenth Circuit put it in *Elder*, "[w]hen the discretionary function exception applies, it applies regardless of whether the discretionary acts themselves constitute actionable negligence." 312 F.3d at 1184; *see also Rosebush*, 119 F.3d at 442 ("Plaintiffs' formulation of the issue collapses the discretionary function inquiry into a question of whether the Forest Service was negligent. . . . Negligence, however, is irrelevant to our inquiry at this point."). Plaintiffs' allegations of negligence thus cannot save

their claims from the operation of the discretionary function exception.

The motion to dismiss is GRANTED. Judgment will be entered dismissing this case.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of March, 2015.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES MAGISTRATE JUDGE